**AMBASSADOR APARTMENTS, INC.,**
**Appellant,**

v.

**COMMISSIONER OF INTERNAL REV-**
**ENUE, Appellee.**

**Louis LITOFF and Rose Litoff,**
**Appellants,**

v.

**COMMISSIONER OF INTERNAL REV-**
**ENUE, Appellee.**

**Nos. 227–229, Dockets 32699–32701.**

United States Court of Appeals
Second Circuit.

Argued Dec. 19, 1968.

Decided Jan. 9, 1969.

Hillel J. Auerbach, Winnick & Winnick, New Haven, Conn., for appellants.

Jonathan S. Cohen, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, and Gerald G. Fain, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before KAUFMAN and ANDERSON, Circuit Judges and MacMAHON, District Judge.*

PER CURIAM:

In September 1958, Louis and Rose Litoff purchased an apartment building for $642,669.61. They took the property subject to two mortgages totaling $319,-095.97, gave a third mortgage for $125,-000 and paid $198,573.64 in cash. A year later the Litoffs organized Ambassador Apartments, Inc., to which they transferred the apartment building in exchange for Ambassador stock and a note in the amount of $193,511.56 secured by a fourth mortgage. After the transfer Ambassador listed assets of $648,187.27, liabilities of $643,187.27 and stockholders equity of only $5,000.

The fourth mortgage note provided for monthly payments of $1,000 principal, plus interest. Only nine principal payments, with interest of $11,205, were made in 1960, however, and in 1961, only the January principal payment and interest for the year of $10,805 were paid. On its income tax returns for 1960 and 1961, Ambassador deducted the "interest" paid on that note. The Litoffs, in turn, included those sums as income, but omitted the "principal" payments which they regarded as return of capital.

The Commissioner, on the other hand, determined that the property tranferred to Ambassador for the fourth mortgage note was a contribution to capital rather than a loan. Accordingly all payments were, to the extent of the earnings and profits of Ambassador, dividends taxable to the Litoffs and not deductible by Ambassador. The Tax Court concurred, holding that the transaction lacked the substance of a debt. It based its decision on several objective considerations, including the extremely high debt-to-equity ratio (123 to 1), but it did not discuss the taxpayers' motives. Appellants now contend that such a recharacterization may not stand, in the absence of a specific finding of tax avoidance motivation.

That issue, however, is well settled in this Circuit. In Gilbert v. Commissioner of Internal Revenue, 262 F.2d 512 (2 Cir. 1959), this court disposed of the taxpayers' charge that the Tax Court had failed to consider their tax avoidance motives by stating that:

"The term 'substantial economic reality' is merely a way of expressing the fact that the determination whether the funds advanced are to be regarded as a 'capital contribution' or 'loan' must be made in the light of all the facts of the particular case. * * * Nor does the answer depend upon the taxpayer's motive."

262 F.2d at 514. See also Motel Co. v. Commissioner of Internal Revenue, 340 F.2d 445 (2 Cir. 1965), where the court affirmed, without discussion of the taxpayers' motives, the Tax Court's determination that a transfer was a contribution to capital and not a loan.

Appellants, however, place undue emphasis on language in Nassau Lens Co. v. Commissioner of Internal Revenue, 308 F.2d 39 (2 Cir. 1962), where the same issue was under consideration:

"In short, a departure from normal business patterns combined with a tax avoidance motive usually will be sufficient to justify treating the 'loan' as

* Of the Southern District of New York, sitting by designation.

equity. Either factor alone, however, is not enough."

Id. at 47. That language is best understood, however, in the context of the sentences immediately preceding it:

"Tax savings motives are, of course, not irrelevant and may be considered by the Tax Court. They may not, however, be given conclusive effect but should be given weight commensurate with the extent to which 'they contribute to an understanding of the external facts of the situation.' Gilbert v. Commissioner of Internal Revenue, supra, [2 Cir.] 248 F.2d [399] at 407."

Clearly the holding is not authority for the proposition that a tax avoidance motive is an indispensable element.

Appellants' reliance on Goldstein v. Commissioner of Internal Revenue, 364 F.2d 734 (2 Cir. 1966) is also misplaced, as the question now before this court was not treated there. Finally, to the extent that J. S. Biritz Construction Co. v. Commissioner of Internal Revenue, 387 F.2d 451 (8 Cir. 1967), applies to a clear-cut "thin capitalization" case such as this, we decline to follow it.

Accordingly, the judgment of the Tax Court is affirmed.